Per Curiam.

Petitioner’s primary argument is based on the fact that the trial court permitted an amendment of the original indictment changing the name of the person petitioner allegedly robbed. This point has been urged before in this court in a habeas corpus proceeding where the relief sought was denied. In re Dye, 170 Ohio St., 97. The same point has been raised and held not to constitute error in the federal courts. Dye v. Sacks, Warden, 279 F. (2d), 834.
At this point it might be well to set forth the proceedings upon which petitioner bases his claims.
The pertinent part of his indictment read as follows:
“Do find and present, that Clarence Dye in the county of Summit and state of Ohio aforesaid, on the 29th day of July, in the year of our Lord, one thousand, nine hundred and forty-six, unlawfully by force and violence, and by putting in fear, robbed one Joe Debroski, manager of Stone’s Grille, of certain money of the total amount and value of three hundred sixteen and 65/100 dollars ($316.65), being the personal property of Stone’s Grille, while he, the said Clarence Dye, was then and there, armed with a dangerous weapon, to wit: a revolver, con *424 trary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.”
The bill of exceptions shows the following in relation to the amendment of the indictment:
“Mr. Vuillemin: At the beginning of this case, and before the jury is brought in, Í would like to make a motion at this time in the case of the State of Ohio vs. Clarence Dye, No. 23413, for leave to amend the indictment wherein it states: ‘by putting-in fear one Joe Debroski, manager of Stone’s Grill,’ and I would like to amend that to read: ‘and robbed one Mary Debroski, co-manager of Stone’s Grill.’
“The Court: The court will grant the amendment.
“Mr. Stewart: I except, Your Honor.
“The Court: Does that take you by surprise? If it does I will grant a continuance.
“Mr. Stewart: I withdraw the objection.
“The Court: All right. Call the jury.”
Thus the indictment was amended at the beginning of the trial, and the objection to the amendment was withdrawn by petitioner’s counsel.
Section 2941.30, Revised Code, reads as follows:
“The court may at any time before, during, or after a trial amend the indictment, information, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment or information or to cure a variance between the indictment or information and the proof, the accused is entitled to a discharge of the jury on his motion, if a jury has been impaneled, and to a reasonable continuance of the cause, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. In case a jury is discharged from further consideration of a case under this section, the accused was not in jeopardy. No action of the court in refusing a continuance or postponement under this section is reviewable except after motion to and refusal by the trial court to grant a *425 new trial therefor, and no appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court finds that the accused was prejudiced in his defense or that a failure of justice resulted.”
Under this section, amendments may be made to indictments as long as the amendment does not change the name or identity'of the crime charged.
The crime for which petitioner was indicted was armed robbery. The amendment to the indictment made no change in the nature of the offense charged or the time or place of the offense. It merely changed the name of the person upon whom the crime was committed; in other words, it corrected a misdescription of the victim. The amendment was purely a matter of form and not of substance. There was no invasion of petitioner’s constitutional rights, and there was no creation of a new indictment as contended by him; he was still charged with armed robbery at the same time and place.
Irrespective of the name of the victim, the crime charged was armed robbery, and the amendment did not change this in any way whatsoever.
Under the provisions of Section 2941.30, Revised Code, the court had the power to permit such amendment. This court in In re Stewart, 156 Ohio St., 521, determined that the amendment of an indictment changing the name of the victim was proper, and that such amendment did not invalidate the indictment.
Petitioner’s contention that he was tried and convicted for robbing Mary Debroski but that he was sentenced for robbing Joe Debroski stems from petitioner’s refusal to recognize the validity of the amendment to the indictment. It is clear on the face of the record that the original indictment was amended at bar, that the amendment was properly indorsed on the face of the original indictment, and that such amended indictment is a part of the permanent records of the court. It was upon this amended indictment that petitioner was tried, found guilty and sentenced for robbing Mary Debroski. His contention that the failure to enter such amendment on the journal of the court, oven if true, would- not invalidate his conviction since such al *426 leged omission could be cured by a nunc pro tunc entry showing the facts that appear on the face of the record. 16 Ohio Jurisprudence (2d), 102, Criminal Law, Section 728; 31 Ohio Jurisprudence (2d), 579, Judgments, Section 99.
The petitioner urges that his constitutional rights have been invaded because various Assistant Attorneys General have misrepresented the facts to the courts in his numerous habeas corpus proceedings. He bases this contention on the fact that in preparing the returns the Assistant Attorneys General included therein copies of the original indictment rather than copies of the amended indictment. Inasmuch as the primary issue in the various habeas corpus proceedings prosecuted by the petitioner has been the amendment of such indictment, it is difficult to perceive how the inclusion of the original indictment in the returns would in any way mislead the court or deprive petitioner of any rights. So far as can be determined by this court, no issue has ever been made as to the fact that the indictment here was amended at bar.
Petitioner argues further that the indictment failed to allege intent to steal such property and was, therefore, void. The elements of armed robbery are shown by the statute. Section 12432-1, General Code (Section 2901.13, Revised Code), read as follows:
“Whoever, while armed with a pistol, knife or other dangerous weapon, by force or violence, or by putting in fear, steals and takes from the person of another anything of value is guilty of armed robbery, and shall be imprisoned in the penitentiary not less than ten years nor more than 25 years. ’ ’
An examination of this section shows that the requirement of intent is not set forth therein. However, the allegation that petitioner unlawfully by force and violence and by putting in fear robbed one Mary Debroski would constitute a sufficient allegation of intent to steal. Irrespective of this, it is well established that in robbery intent is presumed. 47 Ohio Jurisprudence (2d), 582, Robbery, Section 15. The fact that the trial court in its charge to the jury included instructions as to intent in no way affected the validity of the indictment.
Petitioner contends further that the prison officials hampered and prevented him from prosecuting his various appeals *427 and habeas corpus proceedings, citing as examples thereof delays in receiving mail sent to him and delays in mail sent by him. So far as can be determined from the petitioner’s statements and the exhibits these delays were of a few days and resulted from the censorship procedure of the institution. Certain letters were rejected in which he attempted to contact the person injured by his crime, which practice is contrary to the institution’s rules. Inasmuch as petitioner has been able to prosecute his appeals to the Supreme Court of the United States and to prosecute a number of habeas corpus proceedings in various courts, this court feels that this claim is without foundation.
The petitioner has made no showing that he has been deprived of any of his constitutional rights, or that there was any lack of jurisdiction in the court either over his person or over the subject matter.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.